Law Offices Of
**KAMENSKY ♦ COHEN & RIECHELSON**
Philip J. Cohen, Esq.
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585
Attorneys for Plaintiff
(Pro hac vice)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| RENY RIVERO, | CASE NO: 13-CV-4573 |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT ACB RECEIVABLES MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT |
| ACB RECEIVABLES MANAGEMENT, INC., | |
| Defendant. | |

## STATEMENT PURSUANT TO L.Civ.R. 10.1(a)

Defendant ACB Receivables Management, Inc. ("ACB") is a New Jersey corporation with a principal place of business at 19 Main Street, Asbury Park, NJ 07712. Upon information and belief, Plaintiff Reny Rivero is an individual residing at 131 Silver Lake Road #406, Staten Island, NY 10301.

## DEMAND FOR JURY TRIAL

1.	The allegations contained in Paragraph 1 of Plaintiff's Amended Complaint (the "Complaint") consist of conclusions of law to which no response is required.

## II PRELIMINARY STATEMENT

2.	Denied.

## III JURISDICTION AND VENUE

3.	The allegations contained in Paragraph 3 of the Complaint consist of conclusions of law to which no response is required.

4.	Defendant states that it lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

## IV PARTIES

5. Defendant states that it lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint consist of conclusions of law to which no response is required.

7. The allegations contained in Paragraph 7 of the Complaint consist of conclusions of law to which no response is required.

8. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant fails to fully understand the allegation contained in Paragraph 10 as the allegation is incomplete and fails to set forth an averment. To the extent that a response is required, Defendant states that its principal place of business is 19 Main Street, Asbury Park, NJ 07712.

11. Denied.

12. The allegations contained in Paragraph 12 of the Complaint consist of conclusions of law to which no response is required.

## V. FACTUAL ALLEGATIONS

13. The allegations contained in Paragraph 13 of the Complaint consist of conclusions of law to which no response is required.

14. The allegations contained in Paragraph 14 of the Complaint consist of conclusions of law to which no response is required.

15. The allegations contained in Paragraph 15 of the Complaint consist of conclusions of law to which no response is required.

16. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27 Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. The allegations contained in Paragraph 28 of the Complaint contained a conclusions of law to which no response is required.

29. Defendant fails to fully understand the allegation contained in paragraph 29 as the allegation is incomplete and fails to set forth an averment. To the extent that a response is required, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations.

30. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. To the extent that Paragraph 31 contains factual averments, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations.

32. Paragraph 32 fails state an allegation to which a response is required.

33. Plaintiff's characterization of the letter as a "notice of validation" is a legal conclusion to which no response is required.

34. Plaintiff refers to a document that speaks for itself.

35. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Defendant fails to fully understand the allegation contained in Paragraph 37 as the allegation is incomplete and fails to set forth an averment. To the extent that an answer is required, Paragraph 37 consists of conclusions of law to which no response is required.

38. The allegations contained in Paragraph 38 of the Complaint consist of conclusions of law to which no response is required.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. The allegations contained in Paragraph 41 of the Complaint consist of conclusions of law to which no response is required. To the extent that the allegation contains factual averment, the allegation is denied.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 does not contain any factual averments to which a response is required.

44. Paragraph 44 does not contain any factual averments to which a response is required.

45. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. The allegations contained in Paragraph 47 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 47 contains factual averments, the allegations are denied.

48. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. The allegations contained in Paragraph 49 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 49 contains factual averments, the allegations are denied.

50. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. The allegations contained in Paragraph 52 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 52 contains factual averments, the allegations are denied.

53. The allegations contained in Paragraph 53 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 53 contains factual averments, the allegations are denied.

54. The allegations contained in Paragraph 54 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 54 contains factual averments, the allegations are denied.

55. The allegations contained in Paragraph 55 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 55 contains factual averments, the allegations are denied.

56. The allegations contained in Paragraph 54 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 54 contains factual averments, the allegations are denied.

57. The allegations contained in Paragraph 57 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 57 contains factual averments, the allegations are denied.

58. The allegations contained in Paragraph 58 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 58 contains factual averments, the allegations are denied.

59. The allegations contained in Paragraph 59 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 59 contains factual averment, the allegations are denied.

60. Denied.

61. The allegations contained in Paragraph 61 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 61 contains factual averment, the allegations are denied.

62. The allegations contained in Paragraph 62 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 62 contains factual averments, the allegations are denied.

63. The allegations contained in Paragraph 63 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 63 contains factual averments, the allegations are denied.

64. Paragraph 64 does not contain a factual averment to which a response is required.

65. To the extent that Paragraph 64 contains a factual averment, the allegation is denied.

66. The allegations contained in Paragraph 66 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 66 contains factual averments, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations.

67. The allegations contained in Paragraph 67 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 67 contains factual averments, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations.

68. Denied.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692d(5)

82. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

83. The allegations contained in Paragraph 83 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 67 contains factual averments, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations.

84. The allegations contained in Paragraph 84 are denied.

## COUNT VI
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692d(6)

85. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

86. The allegations contained in Paragraph 86 of the Complaint consist of conclusions of law to which no response is required.

87. The allegations contained in Paragraph 87 of the Complaint consist of statements of law to which no response is required.

## COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692e(10)

88. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

89. The allegations contained in Paragraph 89 of the Complaint consist of conclusions of law to which no response is required.

90. The allegations contained in Paragraph 90 of the Complaint consist of statements of law to which no response is required.

## COUNT VI
## OTHER VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692

91. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

92. The allegations contained in Paragraph 92 of the Complaint consist of conclusions of law to which no response is required.

## COUNT VII
## VIOLATION OF LOCAL LAW §5-77(d)

93. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

94. The allegations contained in Paragraph 94 of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 94 contains factual averments, the allegations are denied.

## COUNT VIII
## VIOLATION OF LOCAL LAW §5-77(c)

95. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

96. The allegations contained in Paragraph 96 of the Complaint consist of conclusions of law to which no response is required.

97. The allegations contained in Paragraph 97 of the Complaint consist of conclusions of law to which no response is required.

## COUNT IX
## VIOLATIONS OF LOCAL LAW §5-77(e)

98. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

99. The allegations contained in Paragraph 98 of the Complaint consist of conclusions of law to which no response is required.

## COUNT X
## VIOLATIONS OF LOCAL LAW §20-493.1

100. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

101. The allegations contained in Paragraph 101 of the Complaint consist of conclusions of law to which no response is required.

102. The allegations contained in Paragraph 102 of the Complaint consist of conclusions of law to which no response is required.

103. The allegations contained in Paragraph 103 of the Complaint consist of conclusions of law to which no response is required.

104. The allegations contained in Paragraph 104 of the Complaint consist of conclusions of law to which no response is required.

105. The allegations contained in Paragraph 105 of the Complaint consist of conclusions of law to which no response is required.

133. The allegations contained in Paragraph 133 of the Complaint consist of conclusions of law to which no response is required.

106. The allegations contained in Paragraph 106 of the Complaint consist of conclusions of law to which no response is required.

## COUNT XI
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692e(2)

107. Defendant repeats and incorporates by reference, as if set forth herein, its responses to the allegations contained in the Complaint as set forth above.

108. The allegations contained in Paragraph 108 of the Complaint consist of conclusions of law to which no response is required.

109. The allegations contained in Paragraph 108 of the Complaint consist of statements of law to which no response is required.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint against Defendant and that the Complaint be dismissed with prejudice; and

2. That Defendant be awarded its costs of suit, including attorneys' fees, incurred herein; and

3. That Defendant be given such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If a violation of the Fair Debt Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedure reasonable calculated to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

If a violation of the Telephone Consumer Protection Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedure reasonable calculated to avoid such error.

### FOURTH DEFENSE

If a violation of local laws is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedure reasonable calculated to avoid such error.

### FIFTH DEFENSE

At all times relevant herein, the Defendant complied with all relevant laws.

### SIXTH DEFENSE

The Plaintiff's claims are barred in whole or in part by the Statute of Limitations

### EIGTH AFFIRMATIVE DEFENSE

The Complaint failed in whole or in part because of the Plaintiff's own acts or omissions

### NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims should be barred as the action is brought in bad faith, frivolously and/or with unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by doctrine of waiver and/or estoppel.

## CERTIFICATION OF SERVICE

I certify that on the 1st day of August, 2014 a copy of the foregoing Answer was filed electronically and served by Mail. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Law Offices of<br>
**KAMENSKY COHEN RIECHELSON**<br>
<br>
_/s/ Philip J. Cohen_<br>
Philip J. Cohen, Esquire<br>
Attorney for Defendant<br>
194 South Broad Street<br>
Trenton, New Jersey 08608<br>
Email: pcohen@kcrlawfirm.com<br>
(Pro hac vice)